## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| THE LYDIARD FOUNDATION,<br><br>        Plaintiff,<br><br>v.<br><br>INTERNATIONAL RUNNING ACADEMY and NOBUYA HASHIZUME,<br><br>        Defendants. | Civil No. 0:25-cv-3879<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

The Lydiard Foundation ("Plaintiff"), by counsel, for its Complaint against International Running Academy ("IRA") and Nobuya Hashizume ("Hashizume"), states as follows:

### THE PARTIES

1. Plaintiff is a Colorado nonprofit corporation with its principal place of business at 2525 Arapahoe E4 331, Boulder, CO 80302.

2. IRA is a Minnesota nonprofit corporation with its principal place of business at 5445 Gideons Ln, Excelsior, MN 55331.

3. Hashizume is a U.S. resident with an address at 5445 Gideons Ln, Excelsior, MN 55331.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338, since this action arises under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, and the Copyright Act, 17 U.S.C. § 501, *et seq.*

5. This Court has personal jurisdiction over IRA and Hashizume (collectively, "Defendants") because they do business in this judicial district, have committed statutory torts within this judicial district, and/or have sufficient contacts to subject them to personal jurisdiction in this judicial district.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## ALLEGATIONS COMMON TO ALL COUNTS

### Plaintiff and Its Trademark

7. Plaintiff is the owner of the LYDIARD trademark, which Plaintiff uses to promote physical fitness training and sports coaching services.

8. Plaintiff began using the LYDIARD mark to promote its services in the United States in 2012, when Plaintiff was established.

9. The LYDIARD mark has become inextricably intertwined with Plaintiff and its services. As a result, when a consumer sees the LYDIARD mark, they have a certain expectation of quality of goods/service that they expect to be met.

10. Plaintiff is the owner of the following Federal Trademark Registrations for the LYDIARD mark covering its services in Classes 41 and 42:

| Mark | Reg. No. | Filing Date | Reg. Date | Services |
|---|---|---|---|---|
| LYDIARD | 5368246 | 2/10/17 | 1/2/18 | Class 41: Physical fitness training services; education services, namely, providing training programs through classes and seminars in the field of physical fitness |
| LYDIARD | 5368247 | 2/10/17 | 1/2/18 | Class 42: Evaluation of the sports coaching services of others to determine conformity with certification standards |

True and accurate copies of the certificates for these registrations are submitted herewith as collective **Exhibit A**.

11.    As a result of the considerable amount of time and money that Plaintiff has invested in promoting its brand, Plaintiff has established substantial goodwill in the LYDIARD mark.

12.    As a result of Plaintiff's extensive and continuous use of the LYDIARD mark, that mark has become, and continues to be, a valuable property right of Plaintiff.

## Plaintiff's Copyright Registrations

13.    Plaintiff's principal, Lorraine Moller ("Moller") created a manual titled Lydiard Coaches Certification Manual Levels I&II (the "Manual").

14.    The Manual is protected with the U.S. Copyright Office as Copyright Registration No. TX0008736486 (the "Manual Copyright Registration"). A copy of the certificate of registration for the Manual Copyright Registration, which is in full force and effect, is filed herewith as **Exhibit B**. The effective date of Copyright Registration is February 2, 2019.

15. The Copyright was assigned to Plaintiff on September 9, 2025. A copy of the copyright assignment, which has been recorded with the U.S. Copyright Office, is filed herewith as **Exhibit C**.

16. Plaintiff created the website and related content that was published at the runningwizard.com website (the "Website Content").

17. The Website Content is protected with the U.S. Copyright Office as Copyright Registration No. TX0009538498 (the "Website Copyright Registration"). A copy of the certificate of registration for the Website Copyright Registration, which is in full force and effect, is filed herewith as **Exhibit D**. The effective date of Copyright Registration is September 25, 2025.

## The Present Dispute

18. From 2012 to 2018, Hashizume was involved with Plaintiff. During this period of time, Plaintiff developed coaching courses, an online training product, and the Website Content, with Moller as President and Hashizume as Director of Coaching.

19. In 2018, there was a falling out between Hashizume and Moller that resulted in Hashizume no longer having any affiliation with Plaintiff.

20. Despite his disaffiliation with Plaintiff, Hashizume and legal entities that he established, including IRA and now-dissolved entities, Lydiard Training & Academy and Five Circles, continued to use Plaintiff's intellectual property, including the LYDIARD mark, the Manual, and the Website Content.

4

21. Defendants' continued use of Plaintiff's intellectual property has been the subject of disputes that were before the trademark offices in the UK and the U.S., all of which have been decided in Plaintiff's favor.

22. Despite these actions being decided in Plaintiff's favor, Defendants continue to use Plaintiff's trademarks and other intellectual property. In particular, Defendants operate websites at internationalrunningacademy.org and runningwizard.net that prominently feature the LYDIARD mark and the Website Content, as shown by the screenshots submitted herewith as **Exhibits E** and **F**.

23. Defendants' use of the LYDIARD mark in connection with the promotion of competing training and coaching services is likely to cause consumers to mistakenly believe that there is an affiliation between Plaintiff and Defendants, or that Plaintiff has endorsed Defendants or their services, or that Plaintiff has otherwise approved Defendants' use of the LYDIARD mark.

24. The potential for consumer confusion is particularly likely in this instance because: (a) Defendants are using the same LYDIARD mark as Plaintiff; and (b) Defendants and Plaintiff provide competing services.

25. Upon information and belief, Defendants use the Manual in connection with their provision of Services, including through the training plans that are offered by Defendants.

26. Prior to filing this lawsuit, Plaintiff sent Defendants' counsel a letter alerting it to these issues and requesting that certain steps be taken to resolve the issues between the parties. A copy of that letter is submitted herewith as **Exhibit G**. Despite this

knowledge of Plaintiff and its rights, as well as the previous disputes between the parties that have been resolved in Plaintiff's favor, Defendants have continued to infringe Plaintiff's trademark and other intellectual property rights.

## COUNT I
### Trademark Infringement Under 15 U.S.C. § 1114(1)

27. Plaintiff incorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

28. Defendants' use of the LYDIARD mark is without the consent, permission, or authority of Plaintiff.

29. Defendants' use in commerce of the LYDIARD mark is likely to cause confusion or to cause mistake or to deceive consumers.

30. Defendants' use in commerce of the LYDIARD mark is a knowing and willful infringement of Plaintiff's rights within the meaning of 15 U.S.C. § 1114(1)(a). Defendants have at all relevant times been aware that Plaintiff owns the LYDIARD mark. Further, even after the issue of infringement was formally raised by Plaintiff and issues related to the trademark have been adjudicated in favor of Plaintiff both in the U.S. and the UK, Defendants failed to cease their infringement.

31. Defendants have unlawfully and wrongfully derived and, unless enjoined, will continue to derive, income and profits from their infringing conduct.

32. Plaintiff is likely to be damaged by Defendants' wrongful conduct in terms of likely lost customers and damage to the goodwill associated with the LYDIARD mark.

## COUNT II
## Unfair Competition Under 15 U.S.C. § 1125(a)

33. Plaintiff incorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

34. Defendants' acts, practices and conduct constitute unfair competition, false designation of origin, and false or misleading descriptions or representations of fact, in that they are likely to cause confusion or to cause mistake, to deceive others as to the affiliation, connection, or association of the parties in violation of 15 U.S.C § 1125(a).

35. Defendants have unlawfully and wrongfully derived and, unless enjoined, will continue to derive, income and profits from their wrongful conduct.

36. Plaintiff is likely to be damaged by Defendants' wrongful conduct in terms of likely lost customers and damage to the goodwill associated with the LYDIARD mark.

## COUNT III
## Copyright Infringement Under 17 U.S.C. § 501

37. Plaintiff incorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

38. Without consent, authorization, approval, or license, Defendants knowingly, willingly, and unlawfully copied the Manual and the Website Content and used them in connection with their provision of services, including the website that Defendants operate at runningwizard.net.

39. Defendants' (and/or their intermediaries') copying, use, and/or distribution of the Manual and Website Content violates Plaintiff's exclusive rights under 17 U.S.C. § 106.

40. The infringement of the copyrights in the Manual and Website Content was knowing and willful.

41. Defendants' infringing acts have continued after February 2, 2019 (Manual registration) and after September 25, 2025 (Website Content registration), and continue to the present.

42. Defendants have realized unjust profits, gains, and advantages as a proximate result of the infringement.

43. The infringement of the copyrights in the Manual and Website Content has caused Plaintiff damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment and relief as follows:

1. Defendants, their agents, servants, employees and attorneys, and all other persons in active concert or participation with them, be permanently enjoined from:

    a. using the LYDIARD mark or any trademark or logo confusingly similar to the LYDIARD mark;

    b. using any trademark or trade name or doing any acts or things likely to induce the belief on the part of the public, including Plaintiff's customers or potential customers, that Defendants or their goods or services are in any way affiliated, connected, or associated with Plaintiff or are sponsored or approved by Plaintiff;

    c. otherwise unfairly competing with Plaintiff in any manner;

      d.    committing further acts of infringement of the Manual and Website Content; and

      e.    assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (d), above

2.    That Defendants be required to pay Plaintiff such damages as Plaintiff has sustained as a result of the infringement of the LYDIARD mark and Defendants' unfair competition, that such damages be trebled, that Defendants account for and pay over to Plaintiff all gains, profits, and advantages derived by Defendants resulting from the infringement, unfair competition and deceptive trade practices, and that such recovery based on profits be increased as the Court finds just.

3.    That Defendants be required to pay Plaintiff an award of Plaintiff's actual damages, Defendants' profits, and/or statutory damages pursuant to 17 U.S.C. § 504, as the result of Defendants' infringement of Plaintiff's copyright registrations.

4.    That Defendants pay Plaintiff its costs and disbursements in bringing this action, including its reasonable attorneys' fees.

5.    That Plaintiff be awarded pre-judgment interest on all damages and/or profits awarded by the Court.

6.    That Plaintiff receive such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Date: October 8, 2025

s/ Matthew J. Schaap
Matthew J. Schaap, MN Bar No. 323421
Dougherty, Molenda, Solfest, Hills & Bauer P.A.
14985 Glazier Ave., Suite 525
Apple Valley, MN 55124
Phone: (952) 953-8816
mschaap@dmshb.com

and

Bradley M. Stohry, IN Bar No. 25820-49
(*pro hac vice* admission pending)
REICHEL STOHRY DEAN LLP
6151 Central Ave
Indianapolis, IN 46220
Phone: (317) 501-2891
brad@rsindy.com

*Attorneys for Plaintiff The Lydiard Foundation*